Pearson, C. J.
 

 There is error in the instructions given to the jury:
 

 1. “ If, at the time the prisoner shot, he was smarting under the blow he had received from the axe, and
 
 there had not been time to cool,
 
 this would be, in law, a legal provocation, &c.” What is time to cool, is a question for the Court, and
 
 *209
 
 his Honor ought to have instructed the jury, whether, according to the facts of the case, there was, or was not, in contemplation of law, time for the passions to cool; consequently it was error to leave that question to be passed on by the jury.
 

 2. “ If, at the time he was walking backwards, with his gun in his hands, the deceased threw the shovel at him,
 
 which endangered his
 
 Ufa, and in consequence of it, he shot the deceased, it would be a case of manslaughter.” According to the doctrine of homicide, it is not necessary that the life of the party should be endangered by the assault or blow, in order to mitigate the killing, and make the offense manslaughter. The mitigation is allowed, not because of the danger in which the party is put, but because the
 
 fv/ror brevis
 
 is presumed to be excited by a legal provocation, and the law imputes the killing to sudden passion, and not to malice prepense.
 

 3. “ If the jury should be satisfied that the prisoner had determined to kill, and used the expression, “ If you follow me, I’ll shoot you,”
 
 to induce the deceased
 
 to follow, it would be a case of murder.”
 

 After a careful examination of the testimony, we are unato see any evidence to support this view of the case, and was error to submit it to the jury. The prisoner had been struck a violent blow with an axe, and was in the act of start-off, going backwards for fear of being struck; the deceashad the shovel; the prisoner said, “ if you follow me, I’ll shoot you,” the deceased then threw the shovel at him, and fired the gun. Can there be any ground to support the inference, that the prisoner gave this warning deceitfully, and the purpose of inducing the deceased to follow him ? We think not, and although the words used by the prisoner after killing, tended to show malice prepense, it' did not tend to support this view of the case. We think his Honor ought have instructed the jury, that if the evidence was believed, killing was manslaughter ; unless they were satisfied, that prisoner had formed a determination, beforehand, to kill deceased, and sought this occasion to effect his purpose,
 
 *210
 
 and if so, it was murder; and, it would have been proper, in reference to what the prisoner said after the act, to call attention to the difference between threats, deliberately made, beforehand, and words used afterwards in a' state of excitement.
 

 Per Curiam,
 

 Judgment reversed and a
 
 venire de novo.